UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CIVIL ACTION NO. 10-100-JBC

FRANK JAMES BIGGS,                                                    PLAINTIFF,

V.                 **MEMORANDUM OPINION AND ORDER**

MICHAEL J. ASTRUE, COMMISSIONER,
SOCIAL SECURITY ADMINISTRATION,                      DEFENDANT.

\* \* \* \* \* \* \* \* \* \*

This matter is before the court on cross-motions for summary judgment on Frank James Biggs's appeal of the Commissioner's denial of his application for a period of disability and disability insurance benefits (R. 9, 10). The court will deny Biggs's motion and grant the Commissioner's motion because the Administrative Law Judge's decision is supported by substantial evidence and the ALJ properly applied the law.

I. OVERVIEW OF THE PROCESS

Judicial review of the ALJ's decision to deny disability benefits is limited to determining whether there is substantial evidence to support the denial decision and whether the Commissioner properly applied relevant legal standards. *Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989) (citing *Richardson v. Perales*, 402 U.S. 389 (1971)). "Substantial evidence" is "more than a scintilla of evidence, but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip*

*v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). The court does not try the case *de novo* or resolve conflicts in the evidence; it also does not decide questions of credibility. *See id.* The ALJ's decision must be affirmed if it is supported by substantial evidence, even though the court might have decided the case differently. *See Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389-90 (6th Cir. 1999).

The ALJ, in determining disability, conducts a five-step analysis. At Step 1, the ALJ considers whether the claimant is performing substantial gainful activity; at Step 2, the ALJ determines whether one or more of the claimant's impairments are "severe"; at Step 3, the ALJ analyzes whether the claimant's impairments, singly or in combination, meet or equal a listing in the Listing of Impairments; at Step 4, the ALJ determines whether the claimant can perform past relevant work; and, finally, at Step 5 – the step at which the burden of proof shifts to the Commissioner – the ALJ determines, once it is established that the claimant cannot perform past relevant work, whether significant numbers of other jobs exist in the national economy that the claimant can perform. *See Preslar v. Sec'y of Health & Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994); 20 C.F.R. § 404.1520.

## II. THE ALJ'S DETERMINATION

Biggs applied for a period of disability and disability benefits on May 29, 2007. AR 9. He alleged disability due to degenerative disc disease of his right knee. AR 201, 255. Biggs was thirty-five years old at the time the ALJ, Ronald

2

M. Kayser, issued his decision. He had a high-school education and past relevant work experience as a construction worker. AR 50-51.

At Step 1, the ALJ found that Biggs engaged in substantial gainful activity from January 2008 to December 2008 even though Biggs had applied for a period of disability and disability benefits on May 29, 2007. AR 11-12. Biggs operated excavating equipment between 2006 and 2008, and he dug graves for five months in 2008. AR 12. The ALJ, however, elected to continue to later steps instead of denying disability at Step 1. AR 12.

At Step 2, the ALJ found that Biggs had two conditions that qualified as severe impairments: degenerative joint disease of the right knee and morbid obesity. AR 12. Although Biggs also complained of low back pain, the ALJ concluded that the low back pain was not a severe impairment because the medical evidence did not provide sufficient support for such a conclusion. AR 12. X-rays from October 2002 through September 2008 indicated only mild degenerative disc disease of the lumbar spine, and an MRI taken in March 2009 indicated degenerative disc disease with only a mild disc bulge. AR 12.

At Step 3, the ALJ found that Biggs did not have an impairment or combination of impairments that met or medically equaled a listing. AR 13.

After completing Step 3, the ALJ assessed Biggs's residual functional capacity. The ALJ determined that Biggs could perform reduced-range light work, which includes lifting or carrying up to twenty pounds occasionally and ten pounds

3

frequently; observing standing, walking, climbing, kneeling, crawling, and stooping restrictions; refraining from crouching; and avoiding whole-body vibration. AR 13.

At Step 4, the ALJ determined that Biggs was unable to perform any past relevant work. AR 16.

At Step 5, however, the ALJ determined that there are jobs in significant numbers in the national economy that Biggs can perform. AR 16-17. Consequently, the ALJ found, Biggs is not disabled. AR 18.

Biggs appealed to the Appeals Council, which denied his appeal. AR 2. Biggs now appeals to this court.

### III. LEGAL ANALYSIS

Biggs claims that the ALJ erred because (1) the ALJ found that Biggs's low-back condition was a non-severe impairment; and (2) the ALJ erred in assessing Biggs's credibility. The court will address each argument in turn.

#### A. Low-back condition

The ALJ did not err in finding that Biggs's low-back condition was a non-severe impairment because that finding had no legal effect on the ALJ's analysis. The ALJ made the finding at Step 2. For a claimant to advance beyond Step 2, an ALJ need only find that a claimant has one severe impairment. *Maziarz v. Sec'y of Health & Human Servs.*, 837 F.2d 240, 244 (6th Cir. 1987). An ALJ must proceed to Step 3 regardless of whether a claimant has one or more severe impairments. *Id.* Here, the ALJ found that Biggs had two severe impairments.

4

Biggs would have realized no different result at Step 2 even if the ALJ had found that his low-back condition also was a severe impairment.

The ALJ did not explicitly discuss Biggs's low-back condition at Step 3, but there is substantial evidence to support the ALJ's conclusion that Biggs's impairments did not meet or equal a listing. Biggs's severe impairments – degenerative joint disease of the right knee and morbid obesity – rendered a mild effect on Biggs's abilities. No evidence exists that those impairments, for example, prevented Biggs from ambulating effectively, caused an extreme loss of function in his lower extremities, or limited his ability to perform fine and gross movements effectively. 20 C.F.R. § 404 subpt. P App'x 1. Nor did those impairments prevent Biggs from operating excavating equipment and digging graves after his onset date. Biggs suffered from his alleged low-back condition at the same time he suffered from his severe impairments, but he was still able to perform many activities. Substantial evidence, therefore, supports the ALJ's conclusion that Biggs's impairments did not meet or equal a listing.

After Step 3, the ALJ assessed Biggs's residual functional capacity. Substantial evidence supports the ALJ's conclusion. Although Biggs reported experiencing pain in his knees and back, the ALJ noted that doctors were treating Biggs "somewhat conservatively," prescribing Lortab once a day for his low-back pain. AR 15, 33-36. Biggs could perform many daily activities, which included feeding, dressing and bathing himself; cooking meals; and driving his wife to work.

5

AR 15, 36-39.  Biggs also worked despite his alleged low-back pain.  AR 15, 325.  That evidence is sufficient to support the ALJ's conclusion that Biggs had residual functional capacity.

   B. The ALJ's assessment of Biggs's credibility

Biggs complains that the ALJ improperly discredited his allegations of pain when the ALJ assessed his residual functional capacity.  The ALJ's assessment of Biggs's credibility is supported by substantial evidence.

Biggs alleged a disability based on pain, which is a subjective complaint, so he had to present objective medical evidence of an underlying medical condition that could reasonably be expected to produce his pain.  20 C.F.R. §§ 404.1529, 416.929.  The ALJ found that Biggs's impairments could reasonably be expected to cause the alleged pain.  AR 14.

The ALJ was then required to evaluate the intensity, persistence, and limiting effects of Biggs's symptoms to determine the extent to which his symptoms limited his ability to perform basic work activities.  *See* 20 C.F.R. §§ 404.1529, 416.929.  If Biggs's statements about the intensity, persistence, or functionally limiting effects of his pain were not substantiated by objective medical evidence, the ALJ had to make a finding about Biggs's credibility based on a consideration of the entire case record.  *See* Soc. Sec. R. 96-7p.

Substantial evidence supports the ALJ's finding that Biggs's allegations of pain were not substantiated by objective medical evidence.  The record, for

example, indicated that Biggs's right knee improved after a partial replacement. He regained a full range of motion and could bear full weight on the knee. AR 15, 352, 370-71, 793. Doctors, moreover, treated Biggs's back pain conservatively, prescribing one Lortab a day. AR 15, 33-36. These facts undermine Biggs's claim that his pain was disabling.

Substantial evidence also supports the ALJ's finding that Biggs's pain allegations lacked credibility, at least partly because Biggs provided inaccurate information about his work activities. As noted above, Biggs testified that he could not work due to pain in his back and both knees and that he had not had any work that lasted more than three months since March 2004. AR 32-35, 44-45, 49. The record, however, indicated that Biggs operated excavating equipment between 2006 and 2008 and dug graves for five months in 2008. AR 325. The ALJ had substantial support in the record when he observed that "the fact that [Biggs] provided inaccurate information on a matter so integral to determining disability suggests that much of what [he] has alleged may be similarly unreliable." AR 15.

## IV. CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that Biggs's motion for summary judgment (R. 9) is **DENIED** and the Commissioner's motion for summary judgment (R. 10) is **GRANTED**.

A separate judgment will issue.

7

Signed on  March 24, 2011

JENNIFER B. COFFMAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY